H. A. FORD et al. v. STATE.

No. A-4234.    Opinion Filed Sept. 18, 1924.

(228 Pac. 785.)

(Syllabus.)

**Gaming—Evidence Insufficient as to Certain Defendants, and Sufficient as to Others.** In a prosecution of eight defendants, jointly informed against for gambling, evidence reviewed, and held insufficient to support the verdict of guilty against four of said defendants, and sufficient to sustain the verdict of guilty against four other defendants.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

H. A. Ford, W. T. McKinney, C. Spears, W. W. Ludewell, O. E. Williams, Geo. Idlett, Doyle Spencer, and Dan Beasley were convicted of gambling, and they appeal. Affirmed as to H. A. Ford, C. Spears, W. W. Ludewell, and Dan Beasley. Reversed as to W. T. McKinney, O. E. Williams, Geo. Idlett, and Doyle Spencer.

Bond & Morris, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  In the information in this case, H. A. Ford, W. T. McKinney, C. Spears, W. W. Ludewell, O. E. Williams, Geo. Idlett, Doyle Spencer, and Dan Beasley were charged with gambling, in that "the said defendants above named, on or about the date aforesaid, did willfully and unlawfully play at a certain card game, commonly called 'poker,' for money, checks and other representatives of value." On the trial of the case the jury returned a verdict of guilty against each of the defendants, and the punishment submitted to the court. The court assessed a fine of $25 and costs against each of the defendants. They have appealed from the judgments rendered upon such conviction. The errors assigned are that the court erred in overruling the demurrer to the evidence introduced by the state, and that the evidence is insufficient to support the verdict.

W. E. Cleveland, deputy sheriff, testified that on the date alleged, between 11 and 12 o'clock at night, in company with four or five other deputy sheriffs, he raided what is known as the Johnson Hotel, in the town Marlow, and after placing guards at the entrances to the hotel he, with another deputy, went upstairs to room No. 10; that he had noticed that this room had the windows blinded, that paper was tacked over the transom; that he stood and listened at the door, then looked through the keyhole and saw several men sitting around the table, over which was spread a blanket, playing cards and using poker chips; that he saw some of them deal the cards, and heard one of them say, "I bet one and a half;" after which he forced open the door, which was locked. He further testified:

"It looked to me like six or eight men were in the room and that six of them were playing cards, but could not see all six;" that some of the men attempted to escape through another room, but were apprehended by deputies on guard; that he found five or six decks of cards in the room and

some poker chips, red, blue, and white; that the men he observed through the keyhole were playing poker.

The cards and 103 poker chips, also a blanket and bed sheet that were hung over the windows, were introduced in evidence.

H. R. Gandy, deputy sheriff, testified that defendants Spencer and Idlett were not in room No. 10 when he went in, but he saw them in the hallway. L. L. Brisco, deputy sheriff, testified that he did not go upstairs, that defendants Doyle, Spencer, and C. Spears came running down and started out the door, and he arrested them.

The state rested, and the defendants and each of them interposed a demurrer to the evidence, for the reason that the same was insufficient to prove the commission of the offense charged, which demurrer was overruled and exceptions allowed.

The testimony of the defendant Ludewell in his own behalf is as follows: That he had been occupying room No. 10 for about a week, and that he was playing pitch with defendants Ford, Beasley and Spears when the officers forced open the door; that they did not play for money and were using the chips to keep count of the game, and that the chips did not represent anything of value; that they did not play poker; that defendant Williams was lying on the bed, apparently asleep; that none of the other defendants were in the room when the raid was made.

The defendants Ford, Beasley, and Spears each testified that they, together with Ludewell, were playing pitch for pastime in his room; that they did not play for money and did not play poker. They all testified that defendant Williams was apparently asleep and did not play; that defendant McKinney was in bed in the adjoining room No. 12, and that

he did not play cards; and that defendants Idlett and Spencer were not in the room while they were there.

O. E. Williams testified that he went to Mr. Ludewell's room about 9 o'clock, looking for O'Quinn, to borrow his horse; that he laid down on the bed and went to sleep, and did not play cards.

W. T. McKinney testified that he had lived in Marlow since leaving the navy in June, 1918, was engaged in the banking and cattle business, and was asleep in room No. 12 when the raid was made, which room was Walter O'Quinn's, his partner in the cattle business.

The defendants Idlett and Spencer each testified that Idlett ran a cafe in Marlow and Spencer worked for him; that after they closed the cafe that night they went to Spencer's room No. 22 in the Johnson Hotel, and had been there but a few minutes when they heard a racket up the hall, the defendant Ludewell ran down the hall; that they were not in room No. 10 at any time, and did not play cards.

This court has uniformly held that, when in a criminal case the inference of guilt can be reasonably drawn from the evidence, it will not interfere with the verdict on the ground of want of evidence to support it. Here there is no direct evidence that the defendants W. T. McKinney, O. E. Williams, Geo. Idlett, and Doyle Spencer participated in the card game that was raided by the officers, and, tested by the rules of circumstantial evidence, the testimony is wholly insufficient to connect these defendants with the offense charged, and for this reason the trial court erred in refusing to direct a verdict of acquittal as to these defendants.

As to the other defendants, considering the facts and circumstances in evidence, the testimony for the state, and the admission of these defendants that they were playing

cards, it was for the jury to judge of the weight of the evidence and the credibility of the witnesses, taking into consideration the jury's opportunity to observe the witnesses and hear them tell their stories, and the right of the jury to believe and accept some of the testimony as true, and to disbelieve other parts of it as false, and thus to reconcile conflicts and contradictions, we think the testimony is ample to sustain their conviction.

Our conclusion is that the judgments of conviction as to the defendants W. T. McKinney, O. E. Williams, Geo. Idlett, and Doyle Spencer should be reversed, because, as a matter of law, the evidence is insufficient to sustain their conviction, and the judgments of the lower court as to the defendants H. A. Ford, C. Spears, W. W. Ludewell, and Dan Beasley are affirmed.

MATSON, P. J., and BESSEY, J., concur.